# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

LANCE MEADORS                                          CIVIL ACTION

VERSUS

ANTONIO D'AGOSTINO, ET AL.                   NO.: 18-01007-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion for Partial Summary Judgment (Doc. 15)**
filed by Defendants Antonio D'Agostino, Buchanan Hauling and Rigging, Inc., and
National Interstate Insurance Company. For the reasons that follow, Defendants'
Motion is **GRANTED.**

## I.      BACKGROUND

This dispute arises from a car accident between Plaintiff and D'Agostino in
West Baton Rouge Parish, Louisiana. On October 22, 2018, Plaintiff alleges that he
was driving in the right lane on the Mississippi River Bridge when D'Agostino struck
his vehicle from the left lane. (Doc. 1 at p. 3) Plaintiff claims that the force of the
collision pushed his car further to the right, which resulted in his car being pinned
between D'Agostino's eighteen-wheeler truck and the bridge railing. (Id.). Plaintiff
claims that when the vehicles came to a stop, Plaintiff became trapped, resulting in
the need for the fire department to extract him from his vehicle. (Id.)

Plaintiff claims that D'Agostino was negligent and reckless in his driving when
he caused the collision. (Id.)  Plaintiff asserts that D'Agostino had a duty to operate

his vehicle with diligence and care, and that he breached it through his negligent and reckless driving. Plaintiff further asserts that Defendant committed the following violations: (1) moving a vehicle from a lane without first ascertaining that such a move could be made, in violation of La. R.S. § 32:79; (2) failure to keep a proper lookout for other vehicles to avoid a collision; (3) failure to maintain control of his vehicle timely and properly so as to bring it to a stop before striking Plaintiff; (4) failure to give sufficient berth to avoid striking Plaintiff; and (5) violations of various city and state laws and ordinances. (Id. at p. 4).

Plaintiff argues that due to D'Agostino's negligence, co-Defendant Buchanan is liable for Plaintiff's injuries and damages under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320. Plaintiff argues that D'Agostino was in the course and scope of his employment while driving an eighteen-wheeler truck belonging to Buchanan. (Id. at p.2). Plaintiff further argues that Buchanan is liable jointly, severally, and *in solido* for Plaintiff's injuries and damages due to Buchanan's negligent supervision, training, and hiring of D'Agostino. Plaintiff additionally names National Interstate Insurance Company and XYZ Insurance Company as defendants in this suit because they provided liability insurance coverage to Defendants and excess liability insurance coverage to Buchanan.

Defendants now move for partial summary judgment against Plaintiff. Defendants stipulate that D'Agostino was acting in the course and scope of his employment when the collision occurred. Defendants argue that Plaintiff's claims should be dismissed because Plaintiff cannot simultaneously maintain claims for

direct negligence and vicarious liability against Buchanan for D'Agostino's negligent driving.

## II.    LEGAL STANDARD

Pursuant to Rule 56, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*,

37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will be appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972).

## III.   DISCUSSION

The sole issue before the Court is whether a plaintiff may simultaneously maintain causes of action for *respondeat superior* and a direct negligence action (negligent hiring, training, and/or supervision) against the employer when the employer stipulates that the employee acted in the course and scope of employment when committing the alleged negligent act. Defendant asserts that there is no genuine issue of material fact that its employee was in the course and scope of his employment when the accident occurred. (Doc. 15-2 at p. 3). Defendant argues that Louisiana law does not allow Plaintiff to maintain a separate cause of action for negligent supervision, hiring, and training when Defendant has stipulated to its employee being in the course and scope of employment. Defendant asserts that although the Louisiana Supreme Court has not yet ruled on this issue, all federal district courts in Louisiana have made rulings consistent with this principle. (Id. at

p. 7). Defendant cites *Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016) and subsequent federal rulings for support.

In his opposition, Plaintiff confirms that neither the Louisiana Supreme Court nor the United States Court of Appeals for the Fifth Circuit have ruled on this issue, but argues that the principles of *respondeat superior* and negligent supervision, hiring, and training are separate and distinct. (Doc. 16 at p. 3). Plaintiff further argues that the actions can be maintained simultaneously because *respondeat superior* "insures that employers pay for their employee's negligence" and a "direct action for negligent hiring holds the employer accountable for its own part in a tort." (Id.). Defendant argues that in the absence of a final decision by the Louisiana Supreme Court, the Court must make an *"Erie guess"* and determine how the Louisiana Supreme Court would resolve the issue if presented with the same issue.

## A.    Erie Guess

Where jurisdiction is founded on diversity, federal courts must apply the substantive law of the forum state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where there are no Louisiana Supreme Court cases on point, the Court must make an *Erie* guess by predicting how the Louisiana Supreme Court would rule. *Jorge-Chavelas v. Louisiana Farm Bureau Casualty Insurance Company*, 307 F.Supp.3d 535,549 (M.D. La. 2018). In making an *Erie* guess, the Court is required to rely on the following: (1) decisions of the Louisiana Supreme Court in analogous cases, (2) the rationales and analyses underlying Louisiana Supreme Court decision on related issues, (3) dicta by the Louisiana Supreme Court, (4) lower

state court decisions, (5) the general rule on the question, (6) the rulings of courts of states to which Louisiana courts look when formulating substantive law, and (7) other available sources, such as treatises and legal commentaries. *Gulf & Mississippi River Transp. Co. v. BP Oil Pipeline Co.,* 730 F.3d 484,488-89 (5th Cir. 2013). The federal court is not bound by Louisiana appellate decisions, particularly if there is "persuasive data that the highest court of the state would decide otherwise" *Jorge-Chavelas*, 307 F. Supp. 3d. 535, 549 (M.D. La. 2018) (quoting *Am. Int'l Specialty Lines Ins. Co.,* 352 F.3d 254, 260-61(5th Cir. 2003)).

"Louisiana law lacks binding precedent as to whether simultaneous causes of action can be brought against the employer under the doctrine of *respondeat superior* as well as the negligence of the employer in hiring, training, and/or supervision when the employer has stipulated that the employee acted in the course and scope of employment." *Wright v. National Interstate Insurance Co.*, No. CV 16-16214, 2017 WL 5157537, at *2 (E.D. La. Nov. 7, 2017). From the cases that the parties cite, coupled with the Court's own research, the Court finds that it remains true that there is no binding precedent on this issue under Louisiana law. Since the Louisiana Supreme Court has not made a final decision on this issue, the Court finds that is required to make an *Erie* guess to resolve the instant motion.

### B. Louisiana Federal Courts' Application of Louisiana Jurisprudence on This Issue

The Court is not the first to make an *Erie* guess on this issue. Several persuasive authorities have noted that federal courts in all three districts of

Louisiana embarked on the same jurisprudential search. To date, federal district courts in Louisiana have uniformly held that when an employer stipulates to course and scope, the plaintiff cannot also maintain a direct negligence claim against the employer.[1] *Pigott v. Heath,* No. CV 18-9438, 2020 WL 564958, at *3 (E.D. La. Feb. 5, 2020). The jurisprudential authority that influenced this uniformed ruling is *Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973 (W.D. La. Nov. 9, 2016).

In *Dennis*, the court delved into the depths of Louisiana jurisprudence to formulate an *Erie* guess so compelling that subsequent rulings have yet to depart from it. The *Dennis* court encountered facts similar to the instant case, in which the driver, an employee of the defendant, allegedly caused a collision with plaintiff's vehicle. The defendant argued, consistent with rulings from the Louisiana Courts of Appeal for the Third and Fifth Circuits,[2] that the plaintiff could not simultaneously pursue both a negligence cause of action pursuant to vicarious liability and a direct negligent supervision and/or negligent training cause of action against the employer when the employer stipulated that the employee was in the course and scope of employment when he committed the alleged negligent act. In its analysis, the *Dennis* court explored Louisiana Civil Code articles 2315 and 2320, the Louisiana Supreme

---

[1] See *Fox v. Nu Line Transport LLC*, No. 2:18-CV-00502, 2019 WL 4316955, at *2 (W.D. La. Sept. 11, 2019); *Wright v. National Interstate Ins. Co.*, No. CV 16-16214, 2017 WL 5157537, at *3 (E.D. La. Nov. 7, 2017); *Coffey v. Knight Refrigerated, LLC*, No. CV 19-3981, 2019 WL 5684258, at *2 (E.D. La. Nov. 1, 2019); *Wilcox v. Harco*, No. CV 16-187-SDD-EWD, 2017 WL 2772088 (M.D. La. June 26, 2017).

[2] *Liberstat v. J& K Trucking, Inc.*, 772 So.2d 173 (La. App. 3rd Cir. 10/11/2000); *Griffin v. Kmart Corp.*, 776 So. 2d 1226 (La. App. 5th Cir. 2000).

Court's recognition of direct negligence claims as "separate and independent,"[3] the distinction between intentional torts and negligence, and the impact of a defendant's stipulation to course and scope. In finding that Louisiana jurisprudence weighed in favor of the defendant's argument, the *Dennis* court held:

> "The Court's answer to this question is that there is no genuine issue of material fact on the elements of cause-in-fact or legal cause…the driver (Collins) was unquestionably acting in the course and scope of employment, and Greyhound has stipulated to this fact. *See* Record Document 37-2 at 1. If the trier of fact finds that he was negligent and that his negligence was a cause-in-fact and legal cause of Dennis' injuries, then Greyhound is liable for Collins' actions. If he was not negligent, then no amount of negligence on the part of Greyhound in training and supervising him could have been the cause-in-fact or legal cause of the collision and Dennis' injuries. In other words, if the trier of fact does not find that Collins (exercising his training and under the supervision of Greyhound on the day of the collision) was negligent on the day of the collision, the trier of fact could not reasonably find that but-for Greyhound's failure to properly train and supervise Collins, the injuries to Dennis would not have occurred. Nor could the trier of fact reasonably find that Greyhound's failure to properly train and supervise Collins was a legal cause of Dennis' injuries if Collins was not negligent; Greyhound should not be held liable if its failure to train and supervise Collins did not result in an actual breach of duty by Collins on the day of the collision."

*Dennis v. Collins*, No. CV 15-2410, 2016 WL 6637973, at *8 (W.D. La. Nov. 9, 2016). The *Dennis* court clarified that where a defendant has not stipulated to course and scope, a plaintiff may maintain simultaneous actions for *respondeat superior* and negligent hiring, training, and/or supervision by the defendant employer. *Id.* at *8. The *Dennis* court then granted the defendant's motion for partial summary judgment and dismissed plaintiff's claims for negligent training and supervision. The *Dennis*

---

[3] See *Roberts v. Benoit*, 605 So.2d 1032 (La. 1991).

court reasoned that plaintiff's direct negligence actions are subsumed by the *respondeat superior* action when the defendant stipulates to course and scope.

Like the courts of the Western and Eastern Districts of Louisiana, this Court, too, has ruled consistent with *Dennis*. In *Wilcox v. Harco*, No. CV 16-187-SDD-EWD, 2017 WL 2772088 (M.D. La. June 26, 2017), the Court found that the plaintiff failed to show why a ruling consistent with *Dennis* is not mandated. With similar facts in which the defendant stipulated to course and scope, the plaintiff argued that Louisiana's comparative fault regime allows him to pursue both claims independently. The Court found, for the same reasons in *Dennis*, that this argument did not suffice as a reason to depart from the reasoning in *Dennis*.

## C. Plaintiff's Argument

Plaintiff argues that the Court should permit both actions to proceed for public policy reasons. Plaintiff argues that a "contrary holding would allow employers to avoid direct responsibility for substandard hiring, training, and supervision practices in every case in which their employees acted negligently." (Doc. 16 at p. 4). Plaintiff further argues that by allowing employers to simply stipulate that the employee was acting in the course and scope of employment, Louisiana employers would force the plaintiff to proceed under only a theory of vicarious liability, shielding the employers from all liability for their own bad acts. (Id.).

The Court finds that Plaintiff's public policy argument fails to persuade the Court to depart from the reasoning of *Dennis* and its progeny. Dismissing direct negligence claims against an employer, who remains vicariously liable under a theory

of *respondeat superior*, does not subvert the Plaintiff's right to be fully compensated for any injury suffered by the Defendant's negligence. *Pigott v. Heath*, 2020 WL 564958 at * 4. This is because Plaintiff's direct negligence claim is essentially subsumed in the direct negligence claim against the employee. In simpler terms, an employee driver's negligence may include negligence of an employer for lapses in training or supervision.  If a driver was not negligent, then no amount of negligence on the part of an employer could be the cause-in-fact or legal cause of a collision. See *Fox v. Nu Line Transport LLC*, No. 2:18-CV-00502, 2019 WL 4316955, at *2 (W.D. La. Sept. 11, 2019); *Wright v. National Interstate Ins. Co.*, No. CV 16-16214, 2017 WL 5157537, at *3 (E.D. La. Nov. 7, 2017). Thus, the Court finds summary judgment in favor of Defendant. Plaintiff's direct negligence claim is dismissed.

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Partial Summary Judgment (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's direct negligence action against Defendant is **DISMISSED**.

Baton Rouge, Louisiana, this 30th day of March, 2020.


**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**