UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LANCE MEADORS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 18-1007-BAJ-EWD |
| | * | |
| ANTONIO P. D'AGOSTINO, BUCHANAN | * | **JURY TRIAL** |
| HAULING AND RIGGING, INC., NATIONAL | * | |
| INTERSTATE INSURANCE COMPANY AND | * | |
| XYZ INSURANCE COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO
BUCHANAN HAULING AND RIGGING, INC.'S SUPERVISION, TRAINING
AND HIRING AND ITS TRAINING SUPERVISOR'S SALARY INFORMATION**

MAY IT PLEASE THE COURT:

Defendants, **Antonio P. D'Agostino**, **Buchanan Hauling and Rigging, Inc.** and **National Interstate Insurance Company** (hereinafter referred to as "Defendants"), file this Memorandum in Support of their Motion *in Limine* to exclude certain evidence relating to Buchanan Hauling and Rigging, Inc.'s ("Buchanan") supervision, training and hiring of Antonio P. D'Agostino ("D'Agostino") as well as the salary information of Buchanan's training supervisor of drivers. In support of their motion, Defendants state the following:

**I.    The Court dismissed Plaintiff's direct negligence claim against Buchanan and any evidence of Buchanan's supervision, training and hiring of Antonio D'Agostino is irrelevant.**

On March 30, 2020, this Court granted Defendants' Motion for Partial Summary Judgment [Doc. 38]. In doing so, the Court dismissed Plaintiff's direct negligence claim against Buchanan. Thus, Plaintiff has no cognizable claim Buchanan negligently supervised, trained

1

and/or hired its employee, D'Agostino.

Buchanan participated in the Rule 30(b)(6) deposition of Buchanan on January 9, 2020 while the Court was still considering the Motion for Partial Summary Judgment [Doc. 15]. Plaintiff probed these very topics – Buchanan's supervision, training and hiring policies as it related to D'Agostino – to Ms. Sherry Collins, the corporate representative of Buchanan.

First, Plaintiff delved into Buchanan's policy for monitoring its employees during off-duty periods when these professional drivers are generally resting for ten (10) hours straight.[1] Plaintiff alluded to an omitted duty in response to Buchanan declining to check in on D'Agostino, each and every day, during this "off the clock" stretch.[2] Buchanan, however, was not under any duty, or applicable Federal Motor Carrier Safety Regulations (FMCSR) or law of any kind, to monitor the downtime activities of any of its drivers, namely D'Agostino.

Next, Ms. Collins was subjected to queries on the standard period and process for training its drivers, the corresponding expenses and its employee safety handbook.[3] Ms. Collins outlined aspects of the orientation period, the intricacies of Buchanan's road test program and the transition time to independent driving.[4] Notably, Plaintiff failed to offer a specific, minimum time mandate for driver training through the FMCSR because none exists.

Plaintiff shifted gears and delved into the classing of Buchanan's vast fleet of standard transmissions versus automatic transmissions tractors.[5] Ms. Collins discussed D'Agostino's experience on each and his pre-employment vetting.[6] Once more, Plaintiff attempted to elicit testimony D'Agostino was not properly trained to be operating an automatic transmission tractor

---

[1] *See* **Exhibit "A"**, 30(b)(6) Deposition of Buchanan Hauling and Rigging, Inc. at pgs. 12:14-25; 13:1-25; 14:1-25; 15:1-8.
[2] *Id.*
[3] *Id.* at pgs. 15:10-25; 16:1-25; 17:1-25; 18:1-22; 21:11-14; 28:17-25; 29:1-17.
[4] *Id.* at pgs. 15:10-25; 16:1-25; 17:1-25; 18:1-22; 21:11-14.
[5] *Id.* at pgs. 21:15-25; 22:1-25; 23:1-9.
[6] *Id.*

2

for Buchanan on the date of the accident.[7]

Finally, Plaintiff questioned Ms. Collins on aspects of D'Agostino's employment application and credentials.[8] Ms. Collins was asked to speculate on how D'Agostino became an employee of the large company and on Buchanan's internal recruiting methods.[9] The Court should grant this Motion and exclude this evidence because it is irrelevant. However, even if the Court finds this evidence relevant, it has no probative value. To the extent it has scant probative value, such probative value is outweighed by the danger of unfair prejudice, confusion of the issues and waste of time.

In general, relevant evidence is admissible unless the United States Constitution, a federal statute, the Federal Rules of Evidence or a rule of the United States Supreme Court provides otherwise.[10] Relevant evidence has a tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence.[11] However, the Court may exclude some evidence, even though relevant, if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time or needlessly presenting cumulative evidence.[12] Probative value is defined as "having a tendency to prove or disprove."[13] "Unfair prejudice" in the context of Rule 403 means the evidence has an undue tendency to suggest a decision on an improper basis, commonly, an emotional one.[14]

Like the supervision practices, Plaintiff appears poised to introduce evidence Buchanan's hiring and training processes for D'Agostino were somehow inadequate in order to improperly

---

[7] *Id.*
[8] *Id.* at pgs. 8:20-25; 9:1-25; 10: 1.
[9] *Id.*
[10] Federal Rules of Evidence 402.
[11] F.R.E. 401.
[12] F.R.E. 403.
[13] See, Black's Law Dictionary, 7th Ed.
[14] F.R.E. 403, Advisory Committee Notes, 1972 Proposed Rules.

establish negligence and/or culpability on behalf of Buchanan and/or D'Agostino. Since there is no pending theory of negligent acts by Buchanan, any evidence relating to Buchanan's supervision, training or hiring of D'Agostino is immaterial and should be excluded pursuant to Federal Rules of Evidence 401 and 403.

Because the claims of direct negligence against Buchanan have been dismissed, Buchanan's actions in hiring, training, supervising or entrusting D'Agostino with the vehicle are irrelevant to any ultimate fact at issue because Buchanan cannot be found directly negligent for these alleged actions. Should these allegations have relevance to some tangential issue, the Court should exclude them because their admission before the jury would confuse the issues before the jury. As far as liability, at issue are the actions of D'Agostino and Plaintiff on October 22, 2018, *only*. The only employee of Buchanan who was there was D'Agostino. Buchanan can be vicariously liable for his actions, but Buchanan cannot be liable for its own because such allegations are no longer before this Court. The Court should exclude this evidence.

    **II.**    **The Court should exclude all evidence of the proprietary salary information of Buchanan's former training supervisor over D'Agostino.**

At the corporate deposition, Plaintiff expended considerable efforts trying to establish Buchanan's training supervisor was in some way unfit to train new drivers, such as D'Agostino.[15] Plaintiff rummaged for the annual salary as well as the hourly wage of this former employee, Delbert Jewell, to try to make this leap.[16]

By all accounts, Mr. Jewell was suitably qualified in his training responsibilities at Buchanan, and Plaintiff presents no evidence or testimony to the contrary. He moved up through the ranks with the company and was well versed in the application of the Smith System, the

---

[15] *Id.* at pgs. 18:23-25; 19:1-25;20:1-25; 21:1-3.
[16] *Id.*

4

industry leader for training and safety instruction for commercial drivers.[17] He later resigned his position at Buchanan to take a new job closer to his family.[18]

Reference to the proprietary salary information of Buchanan's former training supervisor is not relevant to the issues to be presented at trial and, therefore, must be excluded pursuant to Fed. R. Evid. 401 and 402.[19] Further, this evidence is irrelevant for the same reasons listed above with regard to the claims of direct negligence of Buchanan. Such evidence is irrelevant and inadmissible to prove the damages to which Plaintiffs are entitled, if any, in this matter.

### III. Conclusion.

Defendants, Antonio P. D'Agostino, Buchanan Hauling and Rigging, Inc. and National Interstate Insurance Company move the Court to grant their Motion *in Limine* to exclude any evidence of Buchanan Hauling and Rigging, Inc.'s supervision, training and hiring of Antonio P. D'Agostino primarily due to the Court's dismissal of Plaintiff's direct negligence claim while likewise excluding all evidence, testimony, and argument surrounding the salary information of Buchanan's training supervisor for Antonio P. D'Agostino.

Respectfully submitted,

/s/ *Nathan M. Gaudet*
GUY D. PERRIER, #20323
gperrier@perrierlacoste.com
NATHAN M. GAUDET, #30514
ngaudet@perrierlacoste.com
Perrier & Lacoste, LLC
365 Canal Street, Suite 2550
New Orleans, LA  70130
Telephone:   (504) 212-8820
Facsimile:   (504) 212-8825

---

[17] *Id.*
[18] *Id.*
[19] Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible."); *Jowers v. Lincoln Elec. Co.,* 617 F. 3d 346, 355 (5th Cir. 2010) ("Rule 401 defines relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'") (quoting Fed. R. Evid. 401).

5

**CERTIFICATE OF SERVICE**

    I hereby certify the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, e-mail, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 25th day of June, 2020, at their last known address of record.

                      /s/ *Nathan M. Gaudet*

                      NATHAN M. GAUDET