UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LANCE MEADORS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 18-1007-BAJ-EWD |
| | * | |
| ANTONIO P. D'AGOSTINO, BUCHANAN | * | **JURY TRIAL** |
| HAULING AND RIGGING, INC., NATIONAL | * | |
| INTERSTATE INSURANCE COMPANY AND | * | |
| XYZ INSURANCE COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
MOTION *IN LIMINE* REGARDING PREVENTABILITY
DETERMINATION, DISCIPLINARY ACTIONS, DISCRETIONARY
POST-ACCIDENT TESTING AND OTHER IMPROPER TESTIMONY**

MAY IT PLEASE THE COURT:

Defendants, **Antonio P. D'Agostino**, **Buchanan Hauling and Rigging, Inc.** and

**National Interstate Insurance Company** ("Defendants"), file this Memorandum in Support of

their Motion *in Limine* Regarding Preventability Determination, Disciplinary Actions,

Discretionary Post-Accident Testing and Other Improper Testimony to exclude evidence

Plaintiff, Lance Meadors ("Plaintiff"), intends to introduce at trial on the grounds the evidence is

privileged and irrelevant, and because the evidence will only confuse the issues, mislead the jury

and cause unfair prejudice against Defendants.

## I.    THE ACCIDENT ON OCTOBER 22, 2018 AND RELATED MATTERS

This lawsuit arises from a two-vehicle accident in West Baton Rouge Parish in which

Plaintiff claims he suffered injuries.[1] Plaintiff maintains Antonio P. D'Agostino ("D'Agostino")

caused the accident.[2]

---

[1] Rec. Doc. 1, Complaint for Damages, at ¶¶ 8,10.
[2] *Id.* at ¶¶ 3,9.

Buchanan Hauling and Rigging, Inc.'s ("Buchanan") investigation began almost immediately after receiving notice of the accident from Mr. D'Agostino in those early morning hours.[3] Thereafter, Buchanan followed the pertinent procedures set forth by the Department of Transportation (DOT), and the accident was classified as a DOT recordable, preventable accident.[4] Buchanan also opted to terminate Mr. D'Agostino's employment due to the accident.[5]

## II. THE CORPORATE DEPOSITION AND THE INFORMATION AND DOCUMENTS PROVIDED BY DEFENDANTS THROUGH DISCOVERY

During the discovery phase, Plaintiff propounded written Interrogatories and Requests for Production of Documents to Defendants on a range of topics relating to the accident. Defendants stipulated Mr. D'Agostino was acting in the course and scope of his employment as an employee of Buchanan at the time of the accident, without stipulating whether Mr. D'Agostino caused the subject accident.[67]

Plaintiff subsequently requested and received a voluminous cache of company records from Defendants in discovery.[8] The Rule 30(b)(6) corporate deposition went forward on January 9, 2020. Defendants contemporaneously objected to various areas of improper questioning therein.

Buchanan was asked if the subject accident constituted a preventable accident under standards set forth by the Federal Motor Carrier Safety Administration's compliance, safety and accountability (CSA) program.[9] Plaintiff then sought confirmation Buchanan terminated Mr. D'Agostino directly in response to the subject accident.[10]

---

[3] *See* **Exhibit A**, 30(b)(6) Deposition of Buchanan Hauling and Rigging, Inc. at pgs. 25:3-24.
[4] *Id*. at pgs. 27:22-25; 28:1-16;
[5] *Id*. at pgs. 5:21-25; 6:1-6.
[6] Rec. Doc. 15-1, Statement of Undisputed Facts.
[7] Rec. Doc. 15-2, Memorandum in Support of Motion for Partial Summary Judgment.
[8] *See* **Exhibit B**, Notice of Rule 30(b)(6) Deposition of Buchanan Hauling and Rigging, Inc.
[9] Exhibit A, at pgs. 27:22-25; 28:1-16.
[10] *Id*. at pgs. 5:21-25; 6:1-6.

Next, Plaintiff delved into Buchanan's drug and alcohol testing policy for accidents, including its application following the underlying event.[11] Ultimately, Buchanan did not direct Mr. D'Agostino to undergo a drug and alcohol test as the event did not meet the specific requirements of the Department of Transportation and the company's own testing policy.[12]

Finally, Plaintiff prodded the corporate representative to speculate why Buchanan chose to hire Mr. D'Agostino in the first place due to his disclosure on the employment application of an unrelated accident, consisting of only property damage, which led to Mr. D'Agostino's termination from a prior employer.[13]

Therefore, Defendants have good reason to believe Plaintiff will attempt to collectively introduce this information at trial.

### III.    LAW AND ARGUMENT

This Honorable Court should exclude the evidence elicited by Plaintiff through discovery because it is privileged, it is specifically excluded by the Rules of Evidence, it will confuse the issues before the jury and/or because its prejudice to Defendants outweighs any probative value it has. *See* Federal Rules of Evidence Articles 401, 403, 407, 602, 609 and 701.

> (a) *The Court should exclude all questioning and evidence of whether the October 22, 2018 accident was found to be "preventable" because such evidence is irrelevant and lacks probative value. Any probative value the evidence has is substantially outweighed by a danger of causing unfair prejudice to Defendants, creating confusion of the issues and misleading the jury.*

The determination of "preventability" is inadmissible at trial because it is irrelevant, and because it will confuse the issues before and mislead the jury, the final trier of fact. Admitting evidence regarding this determination will unfairly prejudice Defendants. Defendants contend an investigation by a commercial carrier after an accident to determine if the accident was

---

[11] *Id*. at pgs. 25:25; 26:1-25; 27:1-21.
[12] *Id*.
[13] *Id*. at pgs. 8:8-25; 9:1-3.

"preventable" is inadmissible pursuant to the Federal Rules of Evidence, including but not limited to Fed. R. Evid. 407, as a subsequent remedial measure.[14]

Generally, all relevant evidence is admissible.[15] Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and if the fact it seeks to prove is of consequence in determining the action.[16] However, the Court should exclude certain relevant evidence if the probative value of the evidence is substantially outweighed by a danger the evidence may cause unfair prejudice, may confuse the issues, may mislead the jury, may cause undue delay or waste of time, or represents the needless presentation of cumulative evidence.[17]

Evidence is "probative" if it has a tendency to prove or disprove a fact at issue.[18] A jury may be misled when it is led to believe the probative value of certain evidence is greater than it actually is.[19] Evidence causes unfair prejudice within the context of Rule 403 when it offers an undue tendency to suggest a decision on an improper basis.[20]

The determination of "preventability" is inadmissible at trial because such an internal finding is irrelevant and will confuse the issues and mislead the jury, who is the final trier of fact. An investigation by a commercial motor carrier after an accident to determine if the accident was preventable will confuse the jury first because a finding of preventability by a motor carrier is not tantamount to a finding of legal negligence. Plaintiff submits no expert or witness who will

---

[14] See *Mahnke v. Washington Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 151, 86 Fed. R. Evid. Serv. 1162, 2011 WL 5006914 (D.D.C. 2011)(The Court also determined that the company's post-accident investigation was inadmissible.); *Martel v. Massachusetts Bay Transp. Auth.*, 403 Mass. 1, 4, 525 N.E.2d 662, 664, 1988 WL 73072 (1988).

[15] Federal Rule of Evidence 402.

[16] F.R.E. 401.

[17] F.R.E. 403.

[18] See Black's Law Dictionary, 7th Edition.

[19] See Kenneth W. Graham, Jr., *Federal Practice and Procedure, Federal Rules of Evidence, Chapter 5 – Relevancy and Its Limits, Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons, § 5217 The Balancing Test—Misleading the Jury*, 22A Fed. Prac. & Proc. Evid. § 5217 (2013).

[20] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981).

testify what a preventability determination even is and what factors are considered in making one.

Plaintiff presents no evidence concerning the factors used to determine "preventability" by Buchanan or any other motor carrier. The record contains no evidence concerning whether the information used by Buchanan is the same as the information or factors used by a jury, upon the Court's instruction, to determine negligence. The Western District recently granted a motion *in limine* to exclude a preventability determination on this basis.[21] There the defendant sought to introduce evidence of a finding of preventability by the plaintiff's employer, as the plaintiff was in the course and scope of his employment at the time of the accident.[22] The Court excluded the preventability determination because "the qualifications of the person who made the determination or the reliability of the evidence that was considered in forming such an opinion" were absent from the record.[23] The same conclusion was reached by the Northern District of Illinois, which excluded a preventability determination because the Court found the standard for determining preventability was not the same as the legal standard for negligence.[24] Because the record lacks any evidence the same standards were applied to a preventability determination, such determination cannot be relevant to a finding of legal negligence pursuant to the duty risk analysis employed by Louisiana law.

Even if the Court should find such a determination relevant, the finding lacks probative value because the record does not contain sufficient evidence of how the determination was made in this case. The record does not identify the person who made this determination at Buchanan and does not identify his/her qualifications. Plaintiff presents no expert to provide this

---

[21] *Franco v. Mabe Trucking Co.*, 5:17-CV-00871, 2019 WL 1304537, at *5 (W.D. La. Mar. 21, 2019).
[22] *Id.*
[23] *Id.*
[24] *Villalba v. Consol. Freightways Corp. of Delaware*, No. 98-C-5347, 2000 WL 1154073, at *6 (N.D. Ill. August 14, 2000).

testimony. No employee of Buchanan, except Mr. D'Agostino, was present during the accident, so any preventability determination would not be based upon first-hand knowledge. Testimony based upon an unknown person's unknown "qualifications" and lack of personal observation has no tendency to prove or disprove any fact at issue.

Even if the Court finds this evidence has probative value in the slightest, allowing the jury to hear this evidence will cause the jury to believe the evidence has more probative value than it actually has. This is the definition of Rule 403's caution to avoid misleading the jury. If this evidence is allowed, the jury may believe Buchanan's determination, which is based upon at best unknown but likely incorrect or inappropriate facts and unknown elements of deliberation, has probative value due to the apparent formality of the finding. However, the standards used by Buchanan to make this determination are unknown and most likely not the same as those for finding negligence in a court of law. Allowing this evidence will mislead the jury into believing the face of fault or liability is no longer at issue when in reality a preventability determination is not the same as an admission or finding of legal negligence.

In a similar way, the evidence of the preventability determination may cause the jury to make a decision on an improper basis, resulting in unfair prejudice pursuant to Rule 403. Buchanan's method for determining preventability is unknown, as is the person who actually made the determination. Allowing this evidence risks allowing the jury to make a decision based, not only on an improper basis because the finding is not consistent with a finding of negligence, but also on an unknown basis. The jury may assume Mr. D'Agostino was negligent simply because Buchanan determined the accident was "preventable" on a different basis than the Court will instruct the jury on negligence.

>   *(b) The Court should exclude the preventability determination because it is a subsequent remedial measure.*

The finding of preventability by Buchanan is inadmissible pursuant to Rule 407 of the Federal Rules of Evidence because it is a subsequent remedial measure.[25] Further, allowing this type of evidence will result in a chilling effect of motor carriers complying with this federal regulation out of fear it will be improperly used as evidence of negligence.

Like the Federal Courts, the Louisiana Supreme Court specifically addressed Louisiana Code of Evidence Article 407 concerning subsequent remedial measures. Article 407 is based on Federal Rule of Evidence 407. The Louisiana Supreme Court specifically addressed the issues of the admissibility of disciplinary actions against a driver following an accident, and the subsequent preventability determination.[26] The Louisiana Supreme Court stated:

>   [the t]rial judge correctly denied discovery of RTA's internal evaluation as to whether the accident was "preventable" and any post-accident disciplinary action taken against the driver.[27]

Because "preventability" is a different standard than negligence, the determination as to whether the alleged accident in this case was "preventable" falls within the protection of the Rules 403 and 407.[28] [29]

Even if this Honorable Court finds that the finding of preventability is relevant, the evidence will result in unfair prejudice to Defendants, confusion of the issues and will mislead the jury. This testimony and related evidence should be excluded at trial.

---

[25] See *Mahnke v. Washington Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 151, 86 Fed. R. Evid. Serv. 1162, 2011 WL 5006914 (D.D.C. 2011)(The Court also determined that the company's post-accident investigation was inadmissible.); *Martel v. Massachusetts Bay Transp. Auth.*, 403 Mass. 1, 4, 525 N.E.2d 662, 664, 1988 WL 73072 (1988).

[26] See *Rader v. Regional Transit Authority*, 595 So.2d 644 (1992).

[27] *Id. See* also *Tyson v. Old Dominion Freight Line, Inc.*, 270 Ga. App. 897, 608 S.E.2d 266 (Ga. Ct. App. 2004).

[28] See *Villalba v. Consol. Freightways Corp. of Delaware*, 98 C 5347, 2000 WL 1154073 (N.D. Ill. Aug. 14, 2000)(The court excluded the letter from the company stating that the accident was preventable and the letter stating setting the disciplinary action against the driver.); *Harper v. Griggs*, 71 Fed. R. Evid. Serv. 227, 2006 WL 2604663 (W.D. Ky. Sept. 11, 2006).

[29] Exhibit A, at pgs. 27:22-25; 28:1-16.

*(c) The Court should exclude any and all evidence of Antonio P. D'Agostino's termination under Federal Rules of Evidence, Rules 401, 403 & 407.*

As noted above, the Federal Rules of Evidence allows for the exclusion of irrelevant, unfairly prejudicial, confusing and misleading evidence. *See* Fed. R. Evid. 401 and 403. Any termination action taken against Mr. D'Agostino as a result of the accident is inadmissible at trial because they are excluded by Louisiana law and qualify as subsequent remedial measures taken by Buchanan. Again, Mr. D'Agostino was terminated as a direct result of the accident, and Defendants believe Plaintiff will attempt to introduce this evidence at trial.

Not ably, the Louisiana Supreme Court spoke to this specific issue and found evidence of post-accident disciplinary actions taken against a driver following the accident made subject of a lawsuit not to be discoverable.[30] This is because this evidence may confuse the issues and mislead the jurors, who may automatically assume the action of disciplining a driver is an admission of fault. Additionally, the prejudice the evidence of disciplinary actions taken after the alleged accident will cause against Defendants *outweighs* any potential probative value the evidence may have at trial.[31] This is especially true regarding evidence of disciplinary actions or reprimands against other Buchanan drivers for infractions, traffic violations and/or accidents unrelated to the accident giving rise to this litigation.

Subsequent disciplinary actions taken by a commercial carrier against its drivers, including its decision not to pay a safety bonus, and/or any other disciplinary actions are also inadmissible evidence under the Federal Rules of Evidence, Rule 407.[32]

Rule 407 excludes evidence taken as subsequent remedial measures. It provides:

[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:

---

[30] See *Rader v. Regional Transit Authority*, 595 So.2d 644 (1992).

[31] *See* F.R.E. 403.

[32] See *Adams v. Chevron USA, Inc.*, 383 F. App'x 447, 452 (5th Cir. 2010).

8

> negligence;
> culpable conduct;

> \* \* \*

Federal Courts have recognized that the justification for Rule 407 is twofold[33].

First, as an admission of fault, the probative value of subsequent remedial measures is limited. Second, exclusion is important to foster "a social policy of encouraging people to take ... steps in furtherance of added safety.

Admitting Buchanan's termination action in the instant matter will lead the jury to erroneous conclusion Buchanan considers itself negligent in the instant matter. Such undue prejudice must be avoided at the trial of this matter by excluding Buchanan's internal personnel decision related to Mr. D'Agostino from evidence. Defendants should not be forced to try to "un-ring the bell" of baseless negligence accusations which can only inflame the jury in Plaintiff's favor.

Evidence related to any disciplinary and/or termination decisions reached by Buchanan are not relevant to the pending action and constitute subsequent remedial measures taken by Buchanan in response to its investigation of the accident. Plaintiff lacks any permissible purpose for seeking to introduce any evidence pertaining to Mr. D'Agostino's termination. Thus, the evidence sought to be introduced by Plaintiff related to Mr. D'Agostino's employment should be excluded pursuant to Fed R. Evid. 401, 403 and 407.

---

[33] See *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 587, 7 Fed. R. Serv. 3d 516, 22 Fed. R. Evid. Serv. 822 (10th Cir. 1987)(The fact that the employee was fired after the accident was not admissible.). Exclusion is mandated when "it is called for 'only when the evidence of subsequent remedial measures is offered as proof of negligence or culpable conduct.'" *Id.* See also *Louisville & N. R. Co. v. Williams*, 370 F.2d 839, 843 (5th Cir. 1966); *Kirkland v. Marriott Int'l, Inc.*, 416 F. Supp. 2d 480, 489, 2006 WL 452640 (E.D. La. 2006); *Bush v. Michelin Tire Corp.*, 963 F. Supp. 1436, 1449, 1996 WL 883884 (W.D. Ky. 1996); *Tilford v. Illinois Cent. R. Co.*, 2010-CA-000334-MR, 2011 WL 2436742 (Ky. Ct. App. June 17, 2011), review denied (May 24, 2012). Federal courts in other states have determined that even the firing of a driver after an accident is inadmissible as remedial measure. *Jumper v. Yellow Corp.*, 176 F.R.D. 282, 284, 1997 WL 675256 (N.D. Ill. 1997).

> *(d) No reference should be made as to Buchanan's internal, post-accident drug and alcohol testing policy or its application to the underlying event.*

Buchanan's post-accident drug and alcohol testing policy for its drivers conformed to FMSCR 382.303 in the instant matter.[34] Pursuant to FMSCR 382.303, a commercial carrier must submit its driver to post-accident testing if the driver is issued a citation coupled with a bodily injury and emergency medical services (EMS) transport from the scene.

Mr. D'Agostino was not issued a citation by the investigating officer. Accordingly, Buchanan was not required to conduct post-accident drug or alcohol testing of Mr. D'Agostino.[35]

Plaintiff has no witness to testify Mr. D'Agostino was impaired at the time of the accident. In fact, Plaintiff has no witness to testify Mr. D'Agostino was suspected of being impaired and has no witness to testify Mr. D'Agostino exhibited any signs of impairment.

Moreover, to allow Plaintiff to introduce to the jury his speculative theory on the application of Buchanan's post-accident drug and alcohol testing policy for this accident is extremely prejudicial to Defendants and completely irrelevant to establishing liability. For these reasons, the Court must exclude any and all information relating to Buchanan's internal post-accident drug and alcohol testing policy.

> *(e) The Court should exclude evidence of an unrelated property damage incident leading to Mr. Agostino's termination from a prior employer.*

Any other accident involving Mr. D'Agostino is irrelevant to any claim or issue in this case because Plaintiff cannot show it was substantially similar to the accident in this matter. The law in this circuit is clear: in order for prior or subsequent acts or incidents to be admissible into evidence, they must be substantially similar to the accident at issue.[36] Mr. D'Agostino's minor

---

[34] 49 C.F.R. § 382.303.
[35] See *Roberts v. CRST Van Expedited Inc.*, No. CV 6:14-3430, 2016 WL 3648276, at *1 (W.D. La. June 30, 2016); *Kuebler v. Gemini Transp.*, No. 3:12-CV-114, 2013 WL 6410608, at *1 (S.D. Ohio Dec. 9, 2013).
[36] *Reddin v. Robinson Prop. Grp. Ltd. P'ship*, 239 F.3d 756, 760 (5th Cir. 2001).

accident involving a light post from years ago fails to meet to the "substantially similar" in time, place or circumstance test.[37]

Furthermore, Louisiana law does not allow Plaintiff to enter evidence of past actions to prove conformity therewith. While there is a narrow exception for admitting substantially similar past accidents, this exception is only available when admitting the past accidents for the limited purpose of showing that a place or thing was dangerous and that a defendant knew of the danger.[38]

Any evidence of this past accident involving Mr. D'Agostino is not admissible under Fed R. Evid. 403, as such evidence, if relevant, would be more prejudicial than probative, as well as misleading to the jury. Therefore, Defendants seek to preclude Plaintiff from introducing at trial any evidence regarding Mr. D'Agostino's accident, leading to only property damage, which resulted in his termination from a prior employer.[39]

## IV.    CONCLUSION

Defendants submit the subsets of evidence Plaintiff may attempt to introduce: (1) the determination made by Buchanan Hauling and Rigging, Inc. regarding the preventability of the accident; (2) the company's subsequent termination of Antonio P. D'Agostino; (3) the application of Buchanan's internal drug and alcohol testing policy following the subject accident; and (4) an unrelated property damage incident leading to Antonio P. D'Agostino's termination from a prior employer, are all inadmissible at trial.  Furthermore, it is inadmissible because, even if relevant, it will confuse the issue for the jury and cause unfair prejudice against Defendants, and said prejudice outweighs any probative value.

---

[37] Exhibit A, at pgs. 8:8-25; 9:1-3.
[38] *Bullock v. Rapides Found.*, 941 So.2d 170, 175 (La. App. 3 Cir. 2006).
[39] Exhibit A, at pgs. 8:8-25; 9:1-3.

Respectfully submitted,

/s/ *Nathan M. Gaudet*

_____

GUY D. PERRIER, #20323
gperrier@perrierlacoste.com
NATHAN M. GAUDET, #30514
ngaudet@perrierlacoste.com
Perrier & Lacoste, LLC
365 Canal Street, Suite 2550
New Orleans, LA  70130
Telephone:      (504) 212-8820
Facsimile:      (504) 212-8825


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 25th day of June, 2020, at their last known address of record.

/s/ *Nathan M. Gaudet*

_____

NATHAN M. GAUDET