UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LANCE MEADORS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 18-1007-BAJ-EWD |
| | * | |
| ANTONIO P. D'AGOSTINO, BUCHANAN | * | **JURY TRIAL** |
| HAULING AND RIGGING, INC., NATIONAL | * | |
| INTERSTATE INSURANCE COMPANY AND | * | |
| XYZ INSURANCE COMPANY | * | |
| * * * * * * * * * * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OMNIBUS MOTION *IN LIMINE***

MAY IT PLEASE THE COURT:

Defendants, **Antonio P. D'Agostino**, **Buchanan Hauling and Rigging, Inc.** and **National Interstate Insurance Company**, respectfully submit this Memorandum in Support of their Omnibus Motion *in Limine* to exclude certain irrelevant and/or otherwise improper evidence and testimony which Plaintiff may offer at the trial of the instant matter. Because the parties are still in the process of designating and finalizing trial exhibits for the Pre-Trial Order, should Plaintiff identify additional exhibits for use at trial, Defendants will seek leave to amend or supplement their Motions *in Limine* to reflect any additional objections.

**INTRODUCTION**

Defendants respectfully move the Court for an Order instructing Plaintiff, **Lance Meadors**, and his counsel not to mention or refer to, directly or indirectly, on voir dire examination, by reading of the pleadings, by making statement of the case, by interrogation of witnesses, through argument or objections before the jury, in documents, evidence or in any other manner, any of the matters set forth below, unless and until such matters have been first called to the Court's attention out of the presence and hearing of the jury and a favorable ruling

1

has been received regarding the admissibility and relevance of such matters. Moreover, Defendants move the Court to instruct Plaintiff's counsel to inform all witnesses called by Plaintiff they too are subject to this Order, and the witnesses shall not mention in the presence of the jury any of the matters listed below, unless and until specifically permitted to do so by a ruling of the Court outside the presence of the jury.

1. **The Court should exclude any argument about or any reference to the relative financial positions of Defendants and Plaintiff.**

2. **The Court should exclude any lay evidence or lay testimony regarding the physical condition or work capacity of Plaintiff.**

3. **The Court should exclude evidence or testimony related to Defendants' total loss payment concerning the Nissan Altima driven by Lance Meadors at the time of the accident.**

4. **The Court should exclude any evidence of Plaintiff's future damages unless reduced to present value.**

5. **The Court should exclude any reference to punitive or exemplary damages.**

6. **The Court should exclude evidence of any unrelated claims or lawsuits involving Defendants.**

7. **The Court should exclude any mention, direct or indirect, of the fact of settlement negotiations and/or their content.**

8. **The Court should exclude any mention Plaintiff is under financial hardship.**

9. **The Court should exclude anything Plaintiff has been told anything by any doctor or other medical witness about his physical and medical condition except for such statements coming from the doctors themselves.**

10. **The Court should exclude any improper argument the jury is the conscience of the community or similar "Golden Rule" arguments.**

11. **The Court should exclude evidence regarding health problems or medical conditions Plaintiff may incur in the future.**

12. **The Court should exclude reference to prior motions or rulings regarding exclusions of evidence or testimony.**

**13. The Court should exclude from the calculation of Plaintiff's claimed damages any attorney negotiated discounts and charges for narrative reports for purposes of litigation, which are not medical costs and are not subject to the collateral source rule.**

**14. The Court should exclude reference to absent or probable witnesses.**

## I.    FACTS & BACKGROUND

Plaintiff claims a tractor trailer driven by Defendant, Antonio P. D'Agostino, errantly merged into his lane in West Baton Rouge Parish, Louisiana on October 22, 2018. Please see Plaintiff's Complaint for Damages, Doc. 1, paragraphs 3, 5, 6 and 7. Plaintiff claims the alleged accident caused his injuries and damages. *Id.* at paragraph 10.

Plaintiff filed the above-referenced suit on November 9, 2018, less than three weeks after the October 22, 2018 accident. Plaintiff seeks damages for his past and future mental pain and suffering, pain and suffering, medical expenses, disability, loss of enjoyment of life, lost earnings and loss of earning capacity. *Id*. Testimony and evidence on the trial of those issues should be limited as listed below.

## II.    LAW AND ARGUMENT

**1.    The Court should exclude argument about or reference to the relative financial positions of Defendants and Plaintiff.**

There is no issue to which the financial condition of Plaintiff and Defendants, and any disparity between, them is relevant. Evidence of this or any related information, except evidence needed to support or contradict Plaintiff's claim for economic damages in the form of lost earnings or loss of earning capacity, is irrelevant and inadmissible. To admit evidence of Plaintiff's financial condition, Defendants' financial condition, or any disparity between or among them, would serve to improperly influence and prejudice the jury, especially if Plaintiff

3

suggests Buchanan Hauling and Rigging, Inc. should respond in damages because it is "wealthy" or wealthier than Plaintiff.

Reference to the relative financial positions of Defendants and Plaintiff is not relevant to any issue in this case, and the Court must be exclude such evidence pursuant to Federal Rules of Evidence 401 and 402. Such evidence is irrelevant and inadmissible to prove the damages to which Plaintiff is entitled, if any, in this matter.

Such arguments are improper and constitute grounds for reversal. *Gonzalez v. Volvo of America Corp.,* 734 F.2d 1221, 1225 (7th Cir. 1984) ("Appealing to the sympathy of the jurors through references to the wealth of the defendants in contrast to the relative poverty of the plaintiffs is totally improper and cause for reversal."); *Garcia v. Sam Tanksley Trucking, Inc.,* 708 F. 2d 519, 522 (10th Cir. 1983) ("Counsel for plaintiffs clearly overstepped the bounds of proper argument by attempting to contrast [defendant corporation's] wealth with plaintiff's poverty."); *Enrquez v. Cochran,* 967 P.2d 1136, 1171 (N.M. Ct. App. 1998) ("The danger of introducing the wealth of the parties is its potential to influence the jury's deliberation as to liability issues on irrelevant grounds.").

Accordingly, Defendants move this Court to preclude Plaintiff from offering any evidence or argument about Plaintiff's financial conditions, Defendants' financial condition and/or their disparity.

### 2. The Court should exclude lay evidence or lay testimony regarding the physical condition or work capacity of Plaintiff.

Evidence from lay witnesses concerning Plaintiff's medical condition, work capacity or alleged disability should be excluded because lay witnesses are incompetent to testify to matters of a medical nature and because such testimony is hearsay. *Piper v. Missouri Pac. R.R.*, 847 S.W. 2d 907, 909 (Mo. App. E.D. 1993); See also, Fed. R. Evid. 601, 602, 702 and 801. Further,

4

for a plaintiff "[t]o obtain an award for future loss of wages and/or loss of earning capacity, a plaintiff must present medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident." *Barocco v. Ennis*, 100 Fed. Appx. 965, 969 (5th Cir. 2004), citing, *Aisole v. Dean*, 574 So.2d 1248, 1252 (La. 1991). Such lay testimony would only serve to cause juror confusion. Accordingly, the Court should exclude any lay testimony related to Plaintiff's medical condition, work capacity or alleged disability unless or until Plaintiff satisfies the foundational predicate of establishing this evidence with expert medical testimony.

> **3. The Court should exclude evidence or testimony related to Defendants' total loss payment concerning the Nissan Altima driven by Lance Meadors at the time of the accident.**

Defendants believe Plaintiff may try to introduce, through testimony, evidence or argument, the property damage claim arising out of the alleged accident, which was paid by Defendants in accordance with Louisiana law. Defendants believe Plaintiff will seek to introduce this evidence to show Mr. D'Agostino is liable for the accident. This evidence is specifically excluded by Federal Rule of Evidence 408, lacks probative value, will confuse the issues and will mislead the jury because the property damages claim has been resolved and is not at issue in this case.

On November 19, 2018, Plaintiff, through his counsel, accepted an offer by National Interstate Insurance Company totaling $4,343.00 regarding his Nissan Altima.

Plaintiff does not have a right to assert this claim, as it has been satisfied. As such, Defendants move this Court for an Order excluding this evidence and testimony pursuant to Rules 408 and 409. Furthermore, since the property damage claim is no longer at issue, the

prejudice caused by any reference to it would outweigh its probative value, and the Court must exclude it pursuant to Rule 403.

### 4. The Court should exclude evidence of Plaintiff's future damages unless reduced to present value.

Evidence of the amount of future damages, if any, must be reduced to their present value. *Culver v. Slater Boat Co.*, 722 F.2d 114 (5th Cir. 1983). To the extent Plaintiff attempts to present any calculation of future medical expenses or lost wages or earning capacity, those calculations must be reduced to the present value.

### 5. The Court should exclude reference to punitive or exemplary damages.

The Court should limit any reference to punitive or exemplary damages since those damages are not available in this matter. Punitive or exemplary damages are not generally permissible in Louisiana and may only be awarded in instances set forth by statute. Louisiana Tort Law, §7-3(1996) Maraist and Galligan; see also, Louisiana Civil Code Article 2315, *et seq*. Plaintiff does not claim punitive damages and do not present a case in which exemplary or punitive damages are permitted. Thus, any reference to them should be precluded.

### 6. The Court should exclude evidence of all other, unrelated claims and lawsuits involving Defendants.

Evidence of other claims against Defendants, including the files and reports regarding those claims, are inadmissible and irrelevant. Fed. R. Evid. 402 and 802. A party seeking to introduce evidence of other complaints or claims must establish a substantial similarity between the cases. *Bates v. Denney, MD*. 563 So.2d 298, 300 (La. App. 1 Cir. 1990); *Brown v. State Through Dep't of Transp. & Dev.*, 572 So. 2d 1058, 1065 (La. Ct. App. 1990), *judgment clarified*, 577 So. 2d 1226 (La. Ct. App. 1991), and *writ denied*, 581 So. 2d 710 (La. 1991); *Brodtmann v. Duke*, 96-0257 (La. App. 4 Cir. 2/11/98), 708 So. 2d 447, 456, *writ den.*, 98-0645

6

(La. 4/24/98), 717 So. 2d 1177, and *writ den.*, 98-0658 (La. 4/24/98), 717 So. 2d 1178. Absent such predicate, evidence of other complaints, claims or the presentation of purported fact witnesses regarding those matters is irrelevant. *Id.* Plaintiff cannot use evidence from fact witnesses regarding other claims as a substitute for proof of liability in this case. Allowing this evidence would result in undue delay, waste of time and/or needless presentation of cumulative irrelevant evidence. Finally, the danger of unfair prejudice, confusion of the issues and misleading the jury substantially outweighs any claimed relevance. Fed. R. Evid. 403.

**7. The Court should exclude reference, directly or indirectly, of the fact of settlement negotiations and/or their content.**

The Court should exclude evidence of any offers to settle, negotiations with respect to settlement or the absence of such negotiations. This information is immaterial and irrelevant to any issue in this case, and its mention would be unfairly prejudicial. Fed. R. Evid. 401, 402, 403 and 408.

**8. The Court should exclude any mention Plaintiff is under financial hardship.**

The Court should exclude comments or references Plaintiff is or may be under any financial burden or hardship. Such evidence is not probative to the issues herein and would be calculated to confuse the issues and prejudice the jury. Fed. R. Evid. 401, 402 and 403.

**9. The Court should exclude anything Plaintiff has been told anything by any doctor or other medical witness about his physical and medical condition except for such statements coming from the doctors themselves.**

To the extent Plaintiff intends or may testify as to whether he has been told anything about his physical or medical condition by any doctor or medical witness, the Court should exclude this testimony as hearsay. Fed. R. Evid. 802 and 702. Plaintiff may present this testimony from the medical record or an expert only.

7

### 10. The Court should exclude any improper argument that the jury is the conscience of the community or similar "Golden Rule" arguments.

A conscience-of-the-community argument is any "impassioned and prejudicial plea intended to evoke a sense of community loyalty, duty and expectation." *Westbrook v. General Tire and Rubber Co.,* 754 F.2d 1233, 1239 (5th Cir. 1985). Such an argument often invokes the parties' "relative popular appeal, identities, or geographical locations" to prejudice the viewpoint of the jury against an out-of-state corporation. *Guaranty Serv. Corp. v. Am. Emp'rs' Ins. Co*., 893 F.2d 725, 729 (5th Cir.1990); *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011). A Golden Rule argument suggests that the jury "place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Whitehead v. Food Max of Miss., Inc.,* 163 F.3d 265, 278 (5th Cir.1998)*; Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011).

Defendants request no similar improper conscience of the community or golden rule arguments be permitted at trial. Any such reference would only serve to prejudice any Defendant and would impose an improper distraction suggesting a verdict based solely upon immaterial, irrelevant and prejudicial statements, all as against a jury's sworn duty to treat each party equally and reach a fair, honest and just verdict according only to the facts and evidence presented at trial. *Westbrook v. General Tire and Rubber Co.,* 754 F.2d 1233 (5th Cir. 1985).

### 11. The Court should exclude evidence regarding health problems or conditions Plaintiff believes he may incur in the future.

The Court should prevent testimony or evidence suggesting Plaintiff may incur health problems or medical conditions, caused by the alleged accident in the future. Moreover, the Court should exclude testimony by Plaintiff suggesting he has fears or concerns about potential

8

health problems or medical conditions which may arise in the future. Such testimony is the province of a medical expert.

To establish medical causation, Plaintiff must present the testimony of a medical doctor, as a medical diagnosis necessarily concerns "scientific, technical, or other specialized knowledge." Fed. R. Evid. 702. Plaintiff is not qualified to offer scientific testimony regarding medical causation, including but not limited to a cause of action for potential future personal injuries. Any lay comment on these issues must be preceded by proper medical foundation.

**12. The Court should exclude references to motions or rulings regarding exclusions of evidence or expert testimony.**

Plaintiff may attempt to introduce evidence, testimony or argument regarding Defendants' various motions to exclude certain evidence or expert testimony from being presented at the trial of this case. Evidence, testimony or argument of this nature has no place at trial and is not relevant to any of Plaintiff's alleged causes of action or injuries. Fed. R. Evid. 401 and 402. The purpose of any such statements would be to inflame the jury against Defendants or to imply Defendants "have something to hide," thus creating bias and distrust on the part of the jury against Defendants. As such, any proffered probative value such evidence or argument may have is substantially outweighed by the danger of unfair prejudice to Defendants. Fed. R. Evid. 403. Accordingly, the Court should prohibit any such attempt by either party.

**13. The Court should exclude from the calculation of Plaintiff's claimed damages any attorney negotiated discounts and charges for narrative reports for purposes of litigation, which are not medical costs and are not subject to the collateral source rule.**

Defendants believe the total amount of medical expenses Plaintiff intends to submit to the jury is inflated with attorney-negotiated write-offs or discounts. The collateral source rule does not apply to attorney-negotiated write-offs or discounts. *Hoffman v. 21st Century N. Am. Ins.*

9

*Co.*, 2014-2279 (La. 10/2/15), reh'g denied (Dec. 7, 2015). Further, charges for narrative reports, conferences, and other related services incurred for litigation purposes are not items of damages. *Simon v. Reel*, 867 So.2d 174 (La. App. 3 Cir. 3/3/04).

Defendants believe Plaintiff may attempt to introduce medical expenses without taking in to account attorney negotiated discounts, written off medical expenses, or litigation charges. These items should be excluded from Plaintiff's alleged damages. They are not subject to the collateral source rule, and Plaintiff should only be allowed to submit the discounted totals as medical expenses incurred. Defendants are entitled to a credit for the amount of any attorney negotiated discounts, and charges for narrative reports, conferences, and other related services incurred for litigation purposes, and any amount including those figures should be excluded.

**14. The Court should prohibit reference to absent or probable witnesses.**

Defendants request no mention or suggestion be made as to the probable testimony of a witness who is absent, unavailable or not called to testify in this cause, and no comment be made as to the failure of any party to call as a witness any person equally available to both parties. Fed. R. Evid. 801 and 802. The "uncalled-witness rule" has no place in federal trials conducted under the Federal Rules of Evidence and the Federal Rules of Civil Procedure. *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990).

**III. CONCLUSION**

Each of the foregoing categories contains information or evidence inadmissible and/or irrelevant to any issue in this case and would be highly prejudicial to Defendants' case, even if timely objections to such evidence were ultimately sustained.

WHEREFORE, Defendants, Antonio P. D'Agostino, Buchanan Hauling and Rigging, Inc. and National Interstate Insurance Company, respectfully request their Omnibus Motion *in*

*Limine* be granted, and the Court issue an Order precluding Plaintiff, his counsel, witnesses and experts from offering evidence, testimony or argument regarding the matters identified above.

Respectfully submitted,

/s/ *Nathan M. Gaudet*

GUY D. PERRIER, #20323
gperrier@perrierlacoste.com
NATHAN M. GAUDET, #30514
ngaudet@perrierlacoste.com
Perrier & Lacoste, LLC
365 Canal Street, Suite 2550
New Orleans, LA  70130
Telephone:    (504) 212-8820
Facsimile:    (504) 212-8825

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 25th day of June, 2020, at their last known address of record.

/s/ *Nathan M. Gaudet*

NATHAN M. GAUDET