UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LANCE MEADORS | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 18-1007-BAJ-EWD |
| | * | |
| ANTONIO P. D'AGOSTINO, BUCHANAN | * | **JURY TRIAL** |
| HAULING AND RIGGING, INC., NATIONAL | * | |
| INTERSTATE INSURANCE COMPANY AND | * | |
| XYZ INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * *

## MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE OPINION TESTIMONY

MAY IT PLEASE THE COURT:

Defendants, **Antonio P. D'Agostino**, **Buchanan Hauling and Rigging, Inc.** and **National Interstate Insurance Company** (hereinafter referred to as "Defendants"), submit this Memorandum in Support of Motion to Exclude Opinion Testimony. Defendants believe Plaintiff, **Lance Meadors**, will attempt to introduce opinion testimony of Drs. MacGregor, Foundas, Royster and Kindl at trial, but he failed to properly disclose the substance of their testimony as required by Federal Rule of Civil Procedure 26(a)(2)(C). Therefore, the Court should grant this Motion and exclude opinion testimony from these four doctors, particularly testimony concerning medical causation and the need for future medical treatment or care.

**I.    Facts & Background:**

Plaintiff claims he suffered injury in an October 22, 2018 accident involving Mr. D'Agostino. Please see Plaintiff's Original Complaint, Doc. 1, paragraphs 3 and 10. While the Complaint does not state the date of the accident, the date is not in dispute. Plaintiff claims Mr. D'Agostino caused the accident. *Id.* at paragraph 9. In his Rule 26 Initial Disclosures, Plaintiff

identified by name only one doctor, Dr. Brian Kindl, but did not state the substance of his testimony or in what capacity he was to testify. Please see Plaintiff's Initial Disclosures, attached as **Exhibit A**. In his discovery responses, Plaintiff identified Dr. Anne Foundas and Dr. Eric Royster, *not Dr. John MacGregor*, and did produce some medical records from them. Please see portions of Plaintiff's discovery responses, attached as **Exhibit B**. On October 4, 2019, Plaintiff provided Defendants with his expert disclosures, identifying Dr. Aaron Wolfson, Shael Wolfson and Dr. Susan Andrews, and Plaintiff supplemented these disclosures on December 9, 2019 to include Dr. Jeffrey Lewine. Please see Plaintiff's original and supplemental Expert Disclosures attached collectively as **Exhibit C**.

Plaintiff did not at any time state the subject matter upon which Drs. Foundas, Royster and Kindl are expected to testify under Federal Rules of Evidence 702, 703 or 705. Plaintiff did not identify Dr. MacGregor *at all* until June 8, 2020, well after the October 4, 2019 deadline for Plaintiff to identify his experts, the December 9, 2019 general discovery deadline and the February 3, 2020 deadline for completing expert discovery. Doc. 13; Doc. 30. Plaintiff did not at any time provide a summary of the facts and opinions to which Drs. MacGregor, Foundas, Royster and Kindl are expected to testify, and Plaintiff never identified Dr. MacGregor at all. These disclosures are required by the Federal Rules of Civil Procedure. The discovery deadline is now past, and, because Plaintiff failed to provide these required disclosures, the Court should grant this Motion.

**II.     Law & Argument:**

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. Rule 26(a)(2)(C) requires "non-retained experts," including treating physicians, to provide a written disclosure stating:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

*Id.*; See also, *Tucker v. United States*, CV 18-4056-WBV-MBN, 2019 WL 4198254, at *1 (E.D. La. Sept. 4, 2019)

These disclosures "'need not be extensive,' but must include 'an abstract, abridgement or compendium of the opinions *and* facts supporting the opinion.'" *Matthews v. Amtrust Grp., Ins.*, CV 18-11249, 2020 WL 206186, at *2 (E.D. La. Jan. 14, 2020), quoting, *Causey v. State Farm Mut. Auto. Ins. Co.*, 2018 WL 2234749, at *2 (E.D. La. May 16, 2018) (emphasis in original). The disclosure is required to provide the opposing party the opportunity to prepare for effective cross-examination and to arrange for testimony from other experts. *Id.* Disclosures of medical records alone are insufficient to satisfy the Rule 26(a)(2)(C) standard. *Id.*, quoting, *Hooks v. Nationwide Housing Sys., LLC*, 2016 WL 3667134, at *5 (E.D. La. July 11, 2016).

The failure to comply with this requirement results in mandatory and automatic exclusion under Federal Rule of Civil Procedure 37(c)(1). *Matthews*, 2020 WL 206186, at *2; quoting, *Tucker*, 2019 WL 4198254, at *2. The excluded witnesses may not offer testimony on a motion, at a hearing or at a trial, unless the failure was substantially justified or is harmless. *Id.*; Fed. R. Civ. P. 37(c)(1). In determining whether the failure was substantially justified or harmless, courts consider: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice. *Leggett v. Dolgencorp. LLC*, 2017 WL 4791183, at *2 (E.D. La. Oct. 24, 2017).

**III.     Conclusion:**

Plaintiff in this matter failed to provide the required disclosures pursuant to Rule 26(a)(2)(C). There is no explanation for this failure – the disclosures could have been made but were not. There is no explanation for the complete failure to identify Dr. MacGregor. Trial of this matter is August 17, 2020, and the discovery deadline is long past. The Court should grant this Motion and exclude opinion testimony from these four doctors, particularly testimony concerning medical causation and the need for future medical treatment or care.

Respectfully submitted,

/s/ *Nathan M. Gaudet*

GUY D. PERRIER, #20323
gperrier@perrierlacoste.com
NATHAN M. GAUDET, #30514
ngaudet@perrierlacoste.com
Perrier & Lacoste, LLC
365 Canal Street, Suite 2550
New Orleans, LA  70130
Telephone:     (504) 212-8820
Facsimile:       (504) 212-8825

**CERTIFICATE OF SERVICE**

I hereby certify the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, e-mail, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 25th day of June, 2020, at their last known address of record.

/s/ *Nathan M. Gaudet*

NATHAN M. GAUDET

4